ASH

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Mavarez Ramirez Johon,
Petitioner,
v.
Luis Rosa, Jr., et al.,
Respondents.

No. CV 26-03652-PHX-MTL (CDB)

**ORDER**

On May 22, 2026, Petitioner filed a *pro se* Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus challenging his immigration detention pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). (Doc. 1). On June 2, 2026, the Court ordered Respondents to respond to the Petition. (Doc. 5). In their Response (Doc. 10), Respondents indicate that Petitioner originally entered the United States in 2022, was briefly detained, and then released on parole into the United States. (*Id.*at 1). Petitioner was re-detained in December 2025, and subsequently ordered removed in February 2026. (*Id.* at 1-2). Petitioner appealed that removal order, and the appeal remains pending; accordingly, Petitioner does not have a final order of removal and *Zadvydas* is inapplicable. (*Id.* at 2). Respondents maintain, however, that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225. (*Id.* at 4).

The argument that Petitioner—who had resided within the United States for more than three years before being re-detained by Respondents—is subject to mandatory detention pursuant to § 1225 is no longer viable in light of the Ninth Circuit's recent

holding in *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). In *Rodriguez*, the Ninth Circuit held that non-citizens arrested within the interior of the United States are subject to detention pursuant to 8 U.S.C. § 1226, and entitled to custody redetermination hearings.

**IT IS THEREFORE ORDERED** that:

(1) The Petition (Doc. 1) is **granted** in part to the extent permitted by *Rodriguez*, and is otherwise **denied**.

(2) Respondents must provide Petitioner a bond redetermination hearing within seven days or release Petitioner from custody under the same conditions that existed before Petitioner's detention.

(3) Any pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 5th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge